ESTHER PITT, Appellant, *against* THE PHENIX INSURANCE COM-PANY, Respondent.

(Decided December 5th, 1881.)

By a policy of marine insurance the vessel was insured for a specified time for a particular voyage outward. After making the voyage, but before the expiration of the time, the same underwriter insured the vessel for the return voyage by a certificate of insurance which by its terms was made "under and subject to the conditions" of the existing policy. *Held,* that the underwriter was not liable for a loss occurring after the time specified in the original policy.

APPEAL from a judgment of this court entered upon dis-missal of a complaint at the trial.

The action was brought upon a policy of insurance issued by the defendant to Thomas Pitt, the plaintiff's husband, and a certificate of insurance issued by the defendant to the plaint-iff herself, to recover the amount of the insurance thereby effected on the tug Corinne, as upon à total loss. The policy (No. 14015) purported to insure the vessel " at and from the 25th day of January, 1877, at noon, until the 25th day of Feb-ruary, 1877, at noon ;" and gave her " the privilege to make one trip from New York to Norfolk, to be employed in her trade in loading and towing vessels in the Harbor of Norfolk, Va." On or about February 21st, 1877, the tug being then at Norfolk, Va., the defendant, upon the application of the plaintiff " to have the tug-boat Corinne insured for the return trip to New York," and on payment by her of one-half per cent. additional premium therefor, issued to her the following certificate :

CERTIFICATE OF INSURANCE.
No. 959.                                              $4,500.
    THE PHENIX INSURANCE COMPANY, NEW YORK.
            NEW YORK, February 21st, 1877.
    This certifies, that Esther Pitts, insured under and subject to the conditions of Special Policy No. 14,015 of the Phenix

Insurance Company in the sum of forty-five hundred dollars, on tug "Corinne," valued at forty-five hundred dollars, at and from Norfolk to New York. Loss payable to Esther Pitts or order hereon, and return of this certificate.

(Signed)                    WM. R. CROWELL,
                                 Sec'ty.

The vessel sailed from Norfolk for New York on February 22d, 1877, and was lost on the voyage. At the trial, evidence offered by the plaintiff that the loss occurred after the 25th of February, 1877, was objected to by the defendant on the ground that the insurance terminated on that day, and was excluded ; and a motion by the defendant for the dismissal of the complaint was granted, and judgment was entered for the defendant. From the judgment the plaintiff appealed.

*William G. Wilson,* for appellant.

*William Allen Butler,* for respondent.

J. F. DALY, J.—The plaintiff sues upon the policy issued to Thomas Pitt on January 25th, 1877, and upon the certificate issued to herself on February 21st, 1877, as constituting her contract with defendant to insure the tug "Corinne." Whatever may be the validity of the original policy to Thomas Pitt above mentioned (he not being owner and not having an insurable interest), the conditions of that policy were accepted by her as the basis of her insurance, according to the tenor of the certificate. The term "conditions" used in such certificate is equivalent to "provisions," there being in the original policy no special *conditions* to which the new contract might be construed to refer. The original policy provided for the insurance of the tug from January 25th, 1877, to February 25th, 1877, with the privilege of making one trip from New York to Norfolk. The certificate insured Mrs. Pitt "at and from Norfolk to New York." The effect was the same as if the original policy had included this return trip, and as the time was limited to February 25th, 1877, the insurance would

expire on that day notwithstanding the return voyage had not been accomplished. In a time policy, the risk insured is independent of the voyage ; and in a policy which partakes of the nature both of a time policy and a voyage policy, the underwriter is not liable for a loss unless it occur within the time specified (Arnould Marine Ins., 4th ed. 349–353).

The appellant contends that the contract with Mrs. Pitt was a voyage policy ; but this is argued on the theory that the time limit in Mr. Pitt's policy is to be ignored. Not being inconsistent with any provision of the new contract, it cannot be deemed to be abrogated, but must stand with the other conditions preserved and continued by the terms of the certificate issued to plaintiff.

Judgment should be affirmed, with costs.

VAN HOESEN, J., concurred.

Judgment affirmed, with costs.